IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SCOTT KELLY HANSEN,

                Petitioner,           Case No. 3:15 CV 44

   -vs-

                                            O R D E R

DONALD R. MORGAN, Warden,

                Respondent.

KATZ, J.

       Scott Kelly Hansen, a pro se Ohio prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Judge James R. Knepp, II for findings of fact, conclusions of law, and recommendations. The Magistrate Judge issued a report recommending that the Court: 1) deny Hansen's motion to withdraw his petition; 2) dismiss Hansen's challenges to his 1981 convictions as time-barred; and 3) stay the proceedings regarding Hansen's challenges to the legality of his September 2014 parole violation hearing so that Hansen may exhaust his available state court remedies regarding this claim. The Magistrate Judge also denied Hansen's request for an evidentiary hearing without prejudice as premature and denied Hansen's emergency motion for an evidentiary hearing. (Doc. No. 28).

       Hansen has filed a "Motion to not Object to Report & Recommendation." (Doc No. 29). In this document, Hansen states that he agrees with the Magistrate Judge's report and recommendation.

       The Warden has filed objections to the report. (Doc. No. 30). The Warden objects to the Magistrate Judge's recommendation that the proceedings be stayed until Hansen exhausts his available state court remedies.

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), the Court has made a de novo review of the Magistrate Judge's report. The Warden's objections are overruled and the Magistrate Judge's report is adopted.

As the Magistrate Judge noted, district courts have the discretion to stay proceedings on exhausted claims while the habeas corpus petitioner returns to state court to exhaust state remedies on the remaining claims. *Sueing v. Palmer*, 503 F. App'x 354, 357 (6th Cir. 2012). In *Griffin v. Rogers*, 308 F.3d 647, 654 (6th Cir. 2002), the court explained that there are periods of "mandatory equitable tolling" for petitioners who timely file habeas petitions, but are forced to return to state court to exhaust certain claims. In *Banks v. Jackson*, 149 F. App'x 414, 421 (6th Cir. 2005), the Sixth Circuit stated:  "district courts confronted with a mixed petition containing potentially meritorious, unexhausted claims, should stay the petition and hold it in abeyance pending prompt exhaustion of state remedies, rather than dismissing the petition without prejudice."

Given that Hansen's petition contains unexhausted claims, this proceeding is stayed. Hansen shall file with the Court, within thirty (30) days of this order, proof that he has sought relief in the state courts of Ohio.  Hansen shall file reports with the Court every six (6) months regarding the status of his case before the state courts of Ohio.  Once Hansen has exhausted his available state court remedies, Hansen shall have sixty (60) days to advise the Court and amend the petition to include any newly exhausted claims.

Failure to comply with this schedule may result in the dismissal of the petition in its entirety.

IT  IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE