UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT KELLY HANSEN, *Pro Se*, | ) | Case No.: 3:15 CV 44 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| DONALD R. MORGAN, *et al.*, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On January 5, 2015, *Pro Se* Petitioner Scott Kelly Hansen ("Hansen"), as a prisoner in state custody, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") (ECF No. 1). Hansen filed an Amended § 2254 Petition (ECF No. 36), asserting the same claims for relief, on July 28, 2017, after he exhausted his state remedies. The court considers these Petitions together as Hansen's § 2254 Petition.[1] Also pending before the court are Hansen's Motion for an Evidentiary Hearing (ECF No. 37), Motion to Order the Appearance of Jill Dewitz, Ronald E. Nelson, and John Coleman (ECF No. 37), and Motion for an Emergency Evidentiary Hearing (ECF No. 38) (collectively, "Motions for an Evidentiary Hearing").

In his § 2254 Petition, Hansen challenges that the Ohio Adult Parole Authority ("OAPA") violated his rights under the Fourteenth Amendment's Due Process Clause, Section 2967.15 of the

---

[1] As Respondent Donald R. Morgan ("Respondent") points out, Hansen's Amended § 2254 Petition does not comply with Federal Rule of Civil Procedure 15(a)(2) or Habeas Rule 2(c). (Resp. Opp'n Pet'r's Am. Pet. 2, ECF No. 40.) Hansen does not appear to add any new claims or advance any new arguments in his Amended § 2254 Petition. Mindful that Hansen is proceeding *pro se*, the court construes Hansen's Amended § 2254 Petition as a supplemental brief in support of his original § 2254 Petition.

Ohio Revised Code, and the Eighth Amendment when it found that he violated a condition of release in 1998 and when it imposed a 24-month "revocation time." (§ 2254 Pet. Exs. at 4, 5–6, 7–8, ECF No. 1-1; Am. § 2254 Pt. 4–9, ECF No. 36.) Hansen also argued that his 1981 sentences violate the Eighth Amendment, but this court previously issued an Order Adopting a Report and Recommendation ("R&R") dismissing this ground for relief as time-barred. (Order, ECF No. 31.)

In his Motions for an Evidentiary Hearing, Hansen requests that the court grant him an evidentiary hearing, that the court order the appearance of two state officials to provide testimony in support of his claims, and that the court order the production of the audio and video recordings of a release violation hearing held on September 8, 2014. (Mot. Evid. Hr'g 1–3, ECF No. 37.) Additionally, he argues that an OAPA letter from June 5, 2009, helps demonstrate that the OAPA erroneously found a parole violation. (Mot. Emergency Evid. Hr'g 4–6, ECF No. 38.)

The court referred this case to Magistrate Judge James R. Knepp II, under Local Rule 72.2, for preparation of an R&R. On February 2, 2017, Judge Knepp submitted an R&R, recommending that the court deny and dismiss Hansen's § 2254 Petition in its entirety because his claims are noncognizable and because they lack merit. (R&R 8, 13–14, ECF No. 45.) Judge Knepp reasoned that Hansen's claims sound in state law because Hansen has no constitutionally protected right to parole and because he made "no allegations concerning the *process* or *procedures* the OAPA employed to revoke his parole, only the *results* of that process." (*Id.* at 10 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).) Further, the record shows that the OAPA complied with the limited due process requirements laid out in *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). (R&R 10–11.) Additionally, the record also shows that Hansen was not released from OAPA supervision and that the OAPA correctly found that Hansen violated his parole rules

-2-

in 1998. (*Id.* at 13.) Judge Knepp explained that the June 5, 2009 OAPA letter, which Hansen relies on, does not support Hansen's argument that he was released from OAPA parole supervision. (*Id.* at 13–14; *see* Resp't Return of Writ Ex. 1 at 49–50, ECF No. 21-1.) But even if Hanson had not violated the parole rules in 1998, he admitted to violating his parole in 1991, which would be subject to the same revocation time. (R&R 13–14.) With respect to Hansen's Eighth Amendment claim, Judge Knepp reasoned that parole revocation does not constitute "punishment" under Ohio law. (*Id.* at 14 (citing *Johnson v. Smith*, No. 9-09-04, 2009 WL 1110799, at *6 (Ohio Ct. App. April 27, 2009). Accordingly, Judge Knepp also recommended that the court deny Hansen's Motions for an Evidentiary Hearing. (*Id.*)

On February 27, 2017, Hansen filed an Objection to the R&R, in which he vehemently reiterates some of the arguments made in his § 2254 Petition. (Obj., ECF No. 46.) Though Hansen's Objection was filed eleven days late, the deadline for filing objections is not jurisdictional. *See Thomas v. Arn*, 474 U.S. 140, 145–46 (1985). Because Hansen sufficiently explained the late filing, (*see* Obj. 1–2), the court considers the arguments made in his Objection.

The court has carefully reviewed Judge Knepp's R&R *de novo*, as well as Hansen's Objection and all other relevant documents in the record. The court finds that Judge Knepp's recommendations are well taken and that the arguments made in the Objection do not establish that Hansen's federal rights were violated. Thus, the court adopts as its own Judge Knepp's R&R for the reasons stated in the R&R. (ECF No. 45.) The court hereby denies and dismisses Hansen's § 2254 Petition (§ 2254 Pet., ECF No. 1; Am. § 2254 Pet., ECF No. 36), with prejudice, and denies Hansen's Motion for an Evidentiary Hearing (ECF Nos. 37, 38).

The court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision

could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c) (2015).

    IT IS SO ORDERED.

                                        /S/ SOLOMON OLIVER, JR.
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

March 16, 2017